## DEBTS OF RELIGIOUS SOCIETIES.

[Circuit Court of Hamilton County.]

HORACE W. MALES v. JEREMIAH MURRAY ET AL.

Decided, March 15, 1902.

*Unincorporated Religious Congregations—Finding of Court as to an Indebtedness of—Not a Judgment, but a Debt of Record—Who Constitute the Real Debtors.*

1. The finding of a court that a certain amount is due from an unincorporated church is not a judgment, but constitutes a debt of record.
2. The real debtors in such a case are the members of the church at the time the debt was contracted, who can be shown to have in some way sanctioned or acquiesced in its creation.

The plaintiffs are assignees of a finding of court that the assignors were the owners of a valid claim against the unincorporated Catholic congregation known as the Church of the Atonement. Subsequent to the sale of the property upon which this claim was a lien, the present plaintiffs came into court with petitions alleging that the defendants, the pastor and trustees of the Church of the Atonement, had accumulated a fresh fund of $8,000, and asking that they be required to pay these assigned claims out of it. At the hearing below Judge Hollister dismissed these petitions, 7 N. P., 614, which see for a full statement of the facts.

GIFFEN, J.; SWING, J., and JELKE, J., concur.

The claim sued on in each case is not a judgment, but a finding of the amount due to the plaintiff from the congregation of the Church of the Atonement, constituting a debt of record. It is not a debt of the congregation or of the church as a legal entity, distinct from the members composing it, but it is a debt of those members only who were such at the time the pastor executed and delivered the note upon behalf of the congregation and upon which the finding of the court was based.

All the property at that time controlled by or held in trust for the use of the congregation was sold and the proceeds or-

dered to be applied to the payment of a mortgage lien, and the balance, if any, to the payment of plaintiff's claim and others.

The fund now sought to be subjected to the payment of plaintiff's claim was accumulated subsequent to the sale of the premises involved in case No. 1490, from pew rents and other sources, and by a congregation not composed of the same members as when the debt was contracted.

It is true, as suggested by counsel for plaintiff, that for certain purposes a church congregation remains, in legal contemplation, the same body, although its membership has changed, and our Supreme Court has so held in *Mannix* v. *Purcell,* 46 Ohio St., 102; but it did not say or intend to say that such congregation could sue or be sued, contract and be liable the same as a person, natural or artificial. The Church of the Atonement was not such a legal entity as could be sued in that name, although its membership had remained the same; and in order to hold a member responsible for its debts it must be shown that such member, in some way sanctioned or acquiesced in their creation. *Devoss* v. *Gray,* 22 Ohio St., 159.

There is no attempt in these suits to make the congregation or any of its members party defendant, and hence the real debtors are not before the court, and if they were, the want of a judgment would be a good defense. *Clark* v. *Strong,* 16 Ohio St., 317, 318.

Petitions dismissed; the application to make new parties denied.

*D. S. Oliver* and *George J. Murray,* for the petitioners.

*J. Ledyard Lincoln,* contra.